**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **RAFAEL RODRIGUEZ,** | § | |
|    **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-cv-342** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(U.K.) PLC AND MARK** | § | |
| **VANDERKEIFT** | § | |
|    **Defendants.** | § | |

**NOTICE OF REMOVAL**

     Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (U.K.) Plc)[1] ("Great Lakes" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I.      BACKGROUND**

     1.     On August 31, 2017, Plaintiff Rafael Rodriguez ("Plaintiff") filed this action in the 210th Judicial District Court of El Paso County, Texas, bearing Cause Number 2017-DCV-3011 (the "State Court Action") against Great Lakes and Mark Vanderkeift. Plaintiff's Original Petition (the "Complaint") is the live pleading in this case. (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

     2.     Upon information and belief, Great Lakes has not been served as of the date of this filing. On November 13, 2017, Great Lakes filed its Original Answer and Affirmative Defenses.[2] Accordingly, this Notice of Removal of the State Court Action to the United States District Court is timely filed by Great Lakes - it being filed no more than thirty (30) days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

---

[1] Improperly named as "Great Lakes Reinsurance (U.K.) Plc" in Plaintiff's Original Petition, but appearing in its correct capacity herein.
[2] *See* **Exhibit C-6**.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.      Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and the properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND THE PROPERLY JOINED DEFENDANT, GREAT LAKES.

4.      Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiff alleges in the Complaint that he resides in El Paso County, Texas; therefore, upon information and belief, Plaintiff is a citizen of Texas.[3]

6.      Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in Germany; therefore, Great Lakes is a citizen of Germany.

7.      Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

### B.   VANDERKEIFT WAS IMPROPERLY JOINED.

#### i.   *Applicable standard for improper joinder.*

8.      The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper.[4]  Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[5]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on

---

[3] *See* Complaint, at ¶ 1.1.
[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[5] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

diversity jurisdiction by an improperly joined, non-diverse defendant."[6]   Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[7]   "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[8]   "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[9]

9.     Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[10]   In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]   "This possibility [of recovery], however, must be reasonable, not merely theoretical."[12]   "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[13]

10.     The Fifth Circuit recently held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd* that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim to determine if the

---

[6] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[7] *Smallwood*, 385 F.3d at 572.
[8] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[9] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[10] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).
[11] *Smallwood*, 385 F.3d at 572.
[12] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[13] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

plaintiff has stated a claim against a non-diverse defendant.[14]   A plaintiff fails to state a claim upon which relief may be granted as required under Fed. R. Civ. P. 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[15] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[18]

11.     To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[19]   The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[20] The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[21] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[22] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[23]

---

[14] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL 2918107, at *2 (N.D. Tex. May 18, 2016).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[16] *Id.*
[17] *Id.* at 678.
[18] *Id.*
[19] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[21] *Collins*, 224 F.3d at 498.
[22] *Twombly*, 550 U.S. at 555 (emphasis added).
[23] *Iqbal*, 556 U.S. at 667.

>    ii.    *There is no reasonable basis for the Court to predict Plaintiff might be able to recover against Vanderkeift under Chapter 541 of the Texas Insurance Code.*

>    **a.    Section 541.060(a)(1) of the Texas Insurance Code**

12.    Tracking the language of Section 541.060(a)(1) of the Texas Insurance Code, Plaintiff alleges Vanderkeift "misrepresent[ed] to Plaintiffs (sic) material facts relating to the coverage at issue."  There is no reasonable basis to predict that Plaintiff can recover on his claim that Vanderkeift violated Section 541.060(a)(1) because all of Plaintiff's "factual" allegations regarding Vanderkeift solely relate to his inspection of the Property, not details of the policy or coverage at issue.

13.    Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[24]  In *Hay v. Great Lakes Reinsurance (UK) SE, et al*, the court held that an in-state adjuster was improperly joined and the plaintiff failed to state a claim against the in-state adjuster under this provision.  The plaintiff in *Hay* alleged the in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[25]  The court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[26]  "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue."[27]  The court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation

---

[24] Tex. Ins. Code § 541.060(a)(1).
[25] *Id.*
[26] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235 (S.D. Tex. Aug. 4, 2016), Order Denying Plaintiff's Motion to Remand and Denying as Moot Defendant's Motion to Dismiss, at *7.
[27] *Id.*

about the details of the policy at issue."[28]

14.     Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of a policy, not the facts giving rise to a claim for coverage."[29]  "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered."[30]  In *Messersmith*, the plaintiff alleged the adjuster claimed "there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[31]  The Northern District found these allegations did not give rise to a claim against the defendant adjuster because they were not about the breadth or existence of coverage.  Instead the allegations were about the facts that gave rise to a claim under the policy.[32]

15.     Further, several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[33]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[34]  Further, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[35]

---

[28] *Id.*
[29] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014).
[30] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[31] *Id.* at 724 (quotation marks removed).
[32] *Id.*
[33] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[34] *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex.2014)).
[35] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v.*

16.     Specifically, the Southern District of Texas has held on numerous occasions that, when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[36]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate ... These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[37]  Based on this conclusion, the court denied the plaintiffs' motion to remand.[38]  Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, the Southern District dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer."[39]

17.     The allegations in this case are no different.   Plaintiff alleges Vanderkeift conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Plaintiff has failed to state a claim against Vanderkeift for violation of Section 54.1060(a)(1).   Just as in the cases cited above, Vanderkeift's alleged actions are indistinguishable from Great Lakes' alleged actions, and all of Plaintiff's allegations regarding Vanderkeift relate solely to his inspection of the property. Beyond merely tracking the language of the Insurance Code, which is insufficient to state a claim

---

*Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[36] *Nasti*, 2014 WL 710458, at *3.
[37] No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[38] *Id*.
[39] No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

upon which relief may be granted, Plaintiff makes no specific factual allegation that Vanderkeift made any representations to him regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[40]   Further, Plaintiff has not and cannot allege Vanderkeift had authority to settle claims or make coverage determinations.   Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict Plaintiff can recover against Vanderkeift for alleged violations of Section 541.060(a)(1).

> **b.** **Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.**

18.     Also tracking the language of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, Plaintiff alleges Vanderkeift "fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim", "fail[ed] to promptly provide Plaintiffs (sic) with a reasonable explanation of the basis in the Policy", "fail[ed] within a reasonable time to affirm or deny coverage of the claim", and "refus[ed] to pay Plaintiffs' claim without conducting a reasonable investigation."   Plaintiff, however, has not and cannot allege Vanderkeift had any authority or control over the settlement of Plaintiff's insurance claim; therefore, Plaintiff's claims against Vanderkeift fail.

19.     Addressing many of these same allegations under the same Insurance Code provisions, the court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[41]   The court further held:

> Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes.  Nor has Ms. Hay alleged that Mr. Lopez had any control over the

---

[40] *See TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).
[41] *Id.* at *8.

timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.[42]

Thus, the court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), (a)(3), and (a)(4), and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of Great Lakes or had any control over the timeliness of communications regarding the claim.[43]

20.     Following this same reasoning, the court held in *Lopez v. United Prop. & Cas. Ins. Co.* that "[t]he majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[44]  The same reasoning can be applied to a claim under Texas Insurance Code Section 541.060(a)(7) for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," as adjusters do not have authority to pay a claim on behalf of the insured.  In *Lopez*, the court also stated that "other federal courts have held that [Sections 541.060(a)(3) and (a)(4)] are not applicable to adjusters" because these provisions are "aimed at the timeliness of

---

[42] *Id.*

[43] *Id.*

[44] *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co*., 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F.Supp.3d 721, 724 (N.D. Tex. 2014)); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.–Dallas Mar. 30, 2016, no. pet. h.); *but see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under § 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")).

communications to an insured" and "none of [the insured's] allegations against [the adjuster] assert that she was untimely or slow to act."[45]   "Instead, [the insured] complains that [the adjuster's] investigation was 'substandard.'[46]   For these reasons, the court in *Lopez* found the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2)(A), (a)(3), and (a)(4) of the Texas Insurance Code.[47]

21.     Further, regarding Section 541.060(a)(3), the court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[48]

22.     Regarding section 541.0606(a)(4), the court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[49]

23.     In this case, Plaintiff does not and cannot contend Vanderkeift had settlement authority on behalf of Great Lakes.   Rather, Vanderkeift's sole role was to assess the alleged damage to the property.   This is reflected by all of the "factual" allegations in Plaintiff's Complaint regarding Vanderkeift, which <u>only</u> relate to the inspection of the Property and the report he prepared as a result of that inspection.   Plaintiff has not and cannot allege Vanderkeift was under any obligation to provide Plaintiff with an explanation for Great Lakes' decision on

---

[45] *Id.* (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co.*, 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.")).
[46] *Id.*
[47] *Id.*
[48] No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)
[49] *Id.*

the claim at issue.  Additionally, Plaintiff has not and cannot allege Vanderkeift had authority to affirm or deny coverage.  Plaintiff failed to state a claim against Vanderkeift under Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, and, thus, Vanderkeift was improperly joined.

> **c.    Plaintiff's Complaint merely tracks the language of the Insurance Code and fails to allege any facts upon which Plaintiff may recover against Vanderkeift.**

24.    Federal district courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[50]  All of the Plaintiff's "allegations" in his form Complaint against Vanderkeift merely track the language of the applicable statute or elements of the common-law cause of action.  Plaintiff's conclusory and baseless statements regarding Vanderkeift fail to provide a reasonable basis for the Court to predict that the Plaintiff might be able to recover against Vanderkeift; therefore, he was improperly joined.

25.    The Northern District of Texas determined an in-state adjuster had been improperly joined in a case with pleadings almost identical to the Complaint in this case.[51]  In *Weldon Contractors, Ltd.*, the plaintiff alleged the adjuster was assigned to adjust the claim, hired to inspect the property, and hired to determine the extent of damage caused by a hail storm.[52]  The plaintiff also alleged the adjuster failed to assess the damage on all of the premises which sustained wind and hail damage, failed to properly inspect the buildings to assess the full extent of the damage, and failed to meet the guidelines as promulgated by Texas law in the

---

[50] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).
[51] *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, *2–3 (N.D. Tex. 2009).
[52] *Id.* at *3.

evaluation, adjusting and coverage of the plaintiff's claim.[53]   The court held that "[t]hese allegations are really legal conclusions couched as factual allegations, with no factual support in the petition."[54]   The court further stated, "[f]or example, nowhere in the petition does plaintiff allege that [the adjuster] made any representations or misrepresentations to [Plaintiff] of any kind, except the conclusory assertion[s]."[55]   Regarding the plaintiff's allegations that the adjuster violated the Texas Insurance Code, the court held that the plaintiff simply restated the provisions of the Texas Insurance Code and failed to allege any facts showing that the adjuster actually performed any act that could be construed as a violation of the Texas Insurance Code.[56]   Based on these findings, the court denied the plaintiff's motion to remand and determined that the adjuster was improperly joined.[57]

26.     First, Plaintiff's allegations against Vanderkeift are nearly identical to the allegations in *Weldon Contractors, Ltd.*  Here, the Plaintiff alleges Great Lakes "assigned a local Texas Adjuster, to adjust the claim. "  "The adjuster failed to adequately adjust Plaintiff's claim." Vanderkeift "was acting as an agent of Defendant Insurance Company."[58]   Plaintiff further alleges that Vanderkeift "did not to properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' (sic) exterior and interior damages."[59]   The remainder of the Plaintiff's allegations against Vanderkeift merely track the language of the Texas Insurance Code.  For example, Plaintiff's Complaint tracks section 541.060(a)(1) of the Texas Insurance Code and alleges Vanderkeift "misrepresent[ed] to Plaintiffs (sic) material facts relating to the

---

[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *Id.*
[57] *Id.*
[58] *Id.* at 11–12.
[59] *Id.*

coverage at issue," without any actual facts to support the allegations.[60]  Even if the Court takes Plaintiff's statements regarding Vanderkeift as true, Plaintiff's allegations are nothing more than "legal conclusions couched as factual allegations, with no factual support in the petition."[61]  As the court held in *Weldon Contractors, Ltd.*, these types of conclusory statements without actual factual support are not enough to provide a reasonable basis for the Court to predict Plaintiff might be able to recover against Vanderkeift.

C.    AMOUNT IN CONTROVERSY EXCEEDS $75,000.

27.    Plaintiff alleges in his Complaint that the amount in controversy will not exceed $74,999.99, including all items of damages, interest, penalties, statutory trebling, attorney fees, and/or costs.[62]  Plaintiff also alleges he filed a Stipulation of Damages concurrently with his Complaint to this effect; however, Plaintiff failed to file such a Stipulation of Damages. Additionally, Plaintiff's statement that the amount in controversy will not exceed $74,999 does not suffice to limit the amount in controversy, because not only is it not included in a binding stipulation but it also does not limit the amount of damages Plaintiff will ***accept***.  Plaintiff's statements in his pleadings regarding the amount in controversy were made in bad faith solely in an attempt to evade federal jurisdiction.  Accordingly, the Court should disregard Plaintiff's statements and rely on the demand letter Plaintiff sent to Great Lakes that establishes the amount in controversy exceeds $75,000.[63]

28.    In general, the amount in controversy is determined by the amount sought on the face of the state court petition, <u>so long as the claim is made in good faith</u>.[64]  Where state law

---

[60] *Id.* at 8.
[61] *See Weldon Contractors, Ltd.*, 2009 WL 1437837, *3.
[62] *See* Complaint, at ¶ 3.1.
[63] *See* **Exhibit E**.
[64] *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *St. Paul Reins. Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

prevents a plaintiff from alleging a specific amount of damages in the complaint, a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.[65]  "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[66]  Courts have considered demand letters as such evidence in determining whether defendants have met the preponderance burden.[67]

29.     If a defendant meets their burden, removal is proper, unless a plaintiff can show as a matter of law that he will not be able to recover more than the damages for which he has prayed in the state court complaint.[68]  A plaintiff may do so by pointing to a state law that prevents recovery in excess of the damages sought in the state court petition or by filing a binding stipulation or affidavit with the petition.[69]

30.     Here, no state law prevents recovery in excess of the damages sought in Plaintiff's Complaint.  Moreover, Plaintiff has not filed a binding stipulation or affidavit with the Complaint limiting the amount of damages Plaintiff will seek or accept.[70]  Rather, Plaintiff merely alleges damages will not exceed $74,999.99.

---

[65] *Id.* (citing *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638–39 (5th Cir. 2003); *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000); *De Aguilar*, 47 F.3d at 1410–11).

[66] *Id.* (citing *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *Garcia*, 351 F.3d at 639 (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount)).

[67] *Id.* (citing *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254–55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)).

[68] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[69] *Id.*

[70] *Id.*

31.     Further, <u>"the inquiry, however, does not end merely because the plaintiff alleges</u> <u>damages below the threshold."</u>[71]   "The face of the plaintiff's pleading will not control if made in bad faith."[72]   As the Fifth Circuit held in *De Aguilar v. Boeing, Co.*, the rules enacted by Texas that "strictly prohibit plaintiffs from pleading for specific amounts in cases of unliquidated damages . . . have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading."[73]   "Such manipulation is surely characterized as bad faith."[74]   "[T]actical manipulation [by the] plaintiff cannot . . . be condoned."[75]

32.     The Western District reviewed pleading almost identical to those in this case and held that a plaintiff's assertion in his petition that he will not seek more than $75,000 in damages, as the Plaintiff in this case pled, bears no weight in determining the amount in controversy.[76]   For example, in *Gates Gates v. Allstate Texas Lloyd's*, the plaintiffs pled that they would only seek monetary relief of less than $75,000.[77]   The Court held "'for the purposes of remand analysis, Fifth Circuit precedent accords [Plaintiffs' assertion that they seek only monetary relief of less than $75,000] no weight' because 'Plaintiffs violated the Texas civil procedure rules' in asserting a claim for 'less than $75,000' in their petition.'"[78]   The plaintiffs argued, "under Texas Law, the Plaintiff's [sic] Original Petition on file at the time of removal of this case unambiguously bound Plaintiff [sic] by judicial admission to a recovery of less than

---

[71] *Id.* (emphasis added).
[72] *Id.*
[73] *Id.*
[74] *Id.* (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985)).
[75] *Boelens*, 759 F.2d at 507.
[76] *Gates Gates v. Allstate Texas Lloyd's*, No. EP-16-CV-338-PRM, 2016 WL 8138816, at *2 (W.D. Tex. Nov. 16, 2016).
[77] *Id.*
[78] *Id.*

$75,000.00."[79]   The Court held, however, that the plaintiffs were not bound by the amount pleaded in their state court petition because, although "it is the general rule that the pleadings in a particular case . . . are to be regarded as judicial admissions . . . it is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, *and therefore ceases to be a judicial admission*."[80]   Therefore, because "[n]o Texas rule would preclude Plaintiffs from amending their complaint to allege and recover an amount that exceeds $75,000" and "the allegations of [Plaintiffs'] petition are only binding judicial admissions so long as they are not amended or superseded," "they are not sufficient to constitute the kind of 'binding stipulation or affidavit' necessary to preclude removal."[81]   The Court should reach the same conclusion in this case.

33.     In this case, Plaintiff sent a demand letter to Great Lakes on July 28, 2016, in which he demanded Great Lakes pay Plaintiff $37,199.38 in actual damages, $5,000 for mental anguish, $5,000 for attorney's fees to date, for a total demand - exclusive of interest and costs - of $42,699.38.[82]  Plaintiff's demand further states he will seek up to three times this amount for violations of the "DTPA/Insurance Code."[83]   Despite Plaintiff's attempt to limit damages throughout the Complaint, Plaintiff also states in his Complaint that he is seeking "three times [his] actual damages", attorney's fees, in addition to other types of damages.  Three times the amount of actual damages he alleged in the demand letter, plus the mental anguish damages and attorney's fees he seeks in the demand letter add up to over **$121,000**.  This amount clearly

---

[79] *Id.*

[80] *Id.* (citing *Ford v. United Parcel Serv., Inc.* (Ohio), 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (emphasis added)).

[81] *Id.* (citing *Vielma v. ACC Holding, Inc.*, EP–12–CV–501–KC, 2013 WL 3367494, at *6 (W.D. Tex. Apr. 16, 2013) ("Nor does the statement in [the] [p]laintiff's Original Petition [that the maximum amount of damages sought did not exceed $75,000] constitute a binding stipulation or affidavit that might have defeated this [c]ourt's diversity jurisdiction.")

[82] **Exhibit E.**

[83] *Id.*

exceeds the $75,000 amount in controversy threshold and does not even include the other types of damages he is seeking, or the additional attorney's fees Plaintiff has likely incurred since July 28, 2016, when Plaintiff sent the demand letter to Great Lakes.

34.     Additionally, the fact that Plaintiff's attempt to limit damages in his Complaint was made in bad faith is further demonstrated by the following statement of Plaintiff's attorney in Plaintiff's demand letter: "if our clients' demand is not paid . . . we will seek to recover a significant amount of additional damages including, but not limited to, extra-contractual damages, consequential damages, additional attorneys' fees, statutory interest, court costs, and exemplary damages."  This further demonstrates that Plaintiff's attempt to limit damages in his pleadings was solely for the purpose of evading federal jurisdiction.  Plaintiff's demand letter clearly indicates Plaintiff has every intention of seeking the full amount of damages alleged therein and alleged in the Complaint.

35.     For these reasons, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

36.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 210th Judicial District Court of El Paso County, Texas, the forum in which the removed action was pending.

### IV.    ADDITIONAL REQUIREMENTS

37.     Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 210th Judicial District Court of El Paso

County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

38.     Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[84]

39.     Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of All Documents Filed in State Court Action; |
| **Exhibits C-1 - C-6**: | Copies of all filings in State Court Action and State Court Docket Sheet; |
| **Exhibit D**: | List of Action Being Removed; |
| **Exhibit E**: | Demand letter. |

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) Plc), prays that this matter be removed to the United States District Court for the Western District of Texas, El Paso Division, for further proceedings and disposition.

Respectfully submitted,

By:  _/s/ Tiye Foley_ _____

---

[84] *See* **Exhibit C**:  Index of All Documents Filed in State Court Action.

**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**Tiye Foley**
Texas Bar No. 24088874
Federal ID No. 2192852
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes
Insurance SE (formerly known as Great
Lakes Reinsurance (U.K.) Plc)*

## CERTIFICATE AND NOTICE OF FILING

I certify that on November 13, 2017, the Notice of Removal was sent to the District Clerk of El Paso County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Tiye Foley*
Tiye Foley

## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on November 13, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

THE MOORE LAW FIRM
J. Michael Moore
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Tel: (956) 631-0745
Fax: (888) 266-0971
Email: firstpartylit@moore-form.com
**CM/RRR #:  7014 2870 0000 2457 1842**

*/s/ Tiye Foley*
_____
Tiye Foley